**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**CORNELIUS TAYLOR, #K3171** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:04CV520BN**

**CMCF 720 CLINIC, ET AL** **DEFENDANTS**

---

## MEMORANDUM OPINION AND ORDER

The Plaintiff Cornelius Taylor, *pro se,* and counsel for the Defendants, John L. Clay and M. Chadwick Smith, appeared before the undersigned United States Magistrate Judge on the 13th day of May, 2005, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a Spears hearing. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on May 13, 2005, District Judge William H. Barbour, Jr. entered an Order filed May 31, 2005, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

According to Plaintiff's sworn testimony at the omnibus hearing, his claims relate to the medical care he received after suffering a heart attack while incarcerated at the Central Mississippi Correctional Facility as a convicted felon. The

Plaintiff is a registered nurse. In the late hours of December 2, 2003, and into the morning of December 3, 2003, another inmate had a cardiac arrest. The Plaintiff administered CPR until security guards and nurses arrived. The inmate died at the scene.

Soon thereafter, the Plaintiff began suffering from severe chest pains, difficulty in breathing, nausea and vomiting, as well as pain in both arms. A nurse took his blood pressure and advised that he be immediately taken to the CMCF clinic. Another inmate took him in a wheelchair to the clinic at 2:45 A.M.

After arriving at the clinic, the nurses put him on oxygen and on a cardiac monitor. He requested an EKG, but the nurses on duty told him that "the monitor will suffice." The Plaintiff had previously suffered from a heart attack on June 3, 1999, prior to his incarceration. At the clinic, he was told to "calm down; you're not having another heart attack."

The Plaintiff's symptoms continued, and he requested an IV line. This was refused. At 4:10 A.M., a nurse brought in a hypodermic needle, and the Plaintiff asked if it were morphine. The nurse simply replied "it's whatever the doctor ordered." At 5:00 A.M. a nurse brought him aspirin. Finally, at about 5:15 A.M., Sgt. Summer came to check on him. The Plaintiff begged him to get him to a hospital. Sgt. Summer left, and soon thereafter a nurse told the Plaintiff that an ambulance was on the way.

Two and ½ hours after the onset of his initial symptoms, the Plaintiff was transported to the University Medical Center and treated by physicians. The doctors immediately determined that he had suffered from a heart attack, and they gave him the proper medical care. He was told by the physicians later that they were "astounded" that he had survived. The permanent damage to his heart was much more severe to the delay in obtaining appropriate treatment, according to the Plaintiff.

The Plaintiff conceded that these Defendants had nothing personal against him and were simply not skilled enough to recognize his cardiac event. The Plaintiff charges that they did not follow proper protocol regarding his symptoms; had protocol been followed, they would have properly diagnosed his heart attack soon after the symptoms began.

The Court has carefully considered the facts as alleged by the Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide the Plaintiff, an inmate in their custody. The Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants were negligent or inattentive. Although actionable as a tort under common law, medical malpractice does not create a constitutional claim.

Assuming the facts as stated by the Plaintiff are accurate, the treatment the Plaintiff received after his heart attack was

sadly lacking. Although this situation is regrettable, the Court finds that the facts do not state a cause of action under 28 U.S.C. § 1983 or the United States Constitution. The inattention given to the Plaintiff's complaints was probably due to the peculiar fact that one inmate had just died of a heart attack. The odds of two inmates having cardiac events within an hour of each other are minimal; the medical staff probably surmised that the Plaintiff was simply upset after having witnessed the other inmate's death at such a close proximity. This does not excuse their inattention and poor procedures, but it would imply that no malice was involved.

For these reasons, the Court finds that the Plaintiff's claim has no basis in law and must be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i)(ii). Indifference to a prisoner's serious medical needs does constitute an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, the Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim*. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm*. *Id.*, citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); *Shapley v. Nevada Bd.*

*of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). The facts in the Plaintiff's case confirm that no Defendant or Defendant's employee **intended** to inflict pain of any kind. The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were **actually aware of the risk**, yet consciously disregarded or ignored it. *Farmer v. Brennan*, 511 U.S. 825, 837-839 (1994). Therefore, **actual knowledge and conscious disregard** of the risk of harm to the plaintiff is required before liability can be found. *Id.* Actual knowledge of the risk cannot be established on the part of the nurses who treated the Plaintiff, according to the Plaintiff's own testimony. Furthermore, deliberate indifference cannot be simply inferred from a prison official's mere failure to act reasonably, i.e., from negligence alone. *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (2002), citing *Hare v. City of Corinth, MS*, 74 F.3d 633, 649 (5th Cir. 1996).

The United States Constitution does not forbid negligence, and Plaintiff's claim is not a cognizable claim under 42 U.S.C. § 1983. For these reasons, the Court finds that the Complaint filed in the instant case fails to state a claim upon which relief may be granted, is legally

frivolous, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) with prejudice.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of the Defendants shall be entered on this date.

THIS the 21st day of July, 2005.

S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE